# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Case ID No.: 1602004456A |
| | ) | |
| JONATHAN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: January 3, 2024
Decided: March 25, 2024

**AND NOW TO WIT**, this 25th day of March, 2024, upon various and multiple filings, this Court *again* considers Defendant Jonathan Johnson ("Defendant")'s application for relief. Defendant files a "Motion to Amend Reargument," to set aside his postconviction orders,[1] a "Certification of Question of Law" and "Motion to Compel,"[2] and several Motions under Superior Court Civil Court Rule 60(b) to "Set Aside Judgment Order(s).[3] In a nutshell, Now, through these filings, Defendant now seeks to have this Court 1) vacate its orders, 2) enter default judgment against the State, 3) release him immediately from prison, 4) appoint counsel, 5) certify a select question to the Delaware Supreme Court, and 6)

---

[1] D.I. 182. References the docket items in this Court's Criminal Case ID 1602004456A.
[2] D.I. 189 and 190.
[3] D.I. 183, 184, 191 and 193.

1

compel the production of a 2017 email. For all the reasons previously stated, having considered all pleadings to date, his requests are denied for the following reasons:

1.     Defendant was charged with multiple offenses after law enforcement executed a search warrant of his home and located firearms, ammunition, heroin, cocaine, and marijuana.[4] In January 2017, Defendant filed a Motion to Suppress,[5] which was later denied by the late Hon. John A. Parkins.[6]

2.     On the day of trial, in April 2017, Defendant pleaded guilty to one count of Drug Dealing and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF").[7] Prior to sentencing, the State filed a Motion to Declare Defendant a Habitual Offender and to be sentenced on the PFDCF charge under 11 *Del. C.* § 4214.[8] On October 27, 2017, the Court granted the State's motion,[9] and sentenced Defendant to the minimum mandatory twenty-five years at Level V for the PFDCF charge, and to probation for drug dealing.[10] Defendant did not appeal.

---

[4] On September 12, 2016, a Superior Court grand jury returned an indictment against Defendant for the following charges: Drug Dealing (two counts), Aggravated Possession (two counts), Possession of a Firearm During the Commission of a Felony (two counts), Carrying a Concealed Deadly Weapon (one count), Possession of a Firearm by a Person Prohibited (two counts), Possession of Ammunition by a Person Prohibited (two counts), Possession of Drug Paraphernalia, and Endangering the Welfare of a Child (four counts).
[5] D.I. 21.
[6] D.I. 29.
[7] D.I. 39.
[8] D.I. 41; *see* 11 *Del. C.* § 4214.
[9] D.I. 42.
[10] D.I. 43.

## Defendant's Prior Filings[11]

3.      In October of 2018, Defendant filed his first Motion for Postconviction Relief under Superior Court Criminal Rule 61 (Rule 61 Motion.)[12] The Court denied that motion.[13] Defendant filed a Motion for Reconsideration,[14] which this Court dismissed as untimely.[15] On August 23, 2019, Defendant filed a motion for postconviction discovery.[16] This Court denied that motion on September 19, 2019.[17]

4.      Between October 2019 and January 2020, Defendant also filed a Petition for Writ of Mandamus with this Court,[18] a Petition for an Evidentiary Hearing,[19] and a Motion to Stay the consideration of his Rule 61 Motion.[20] These requests were also denied.[21] During the pendency of that Rule 61 Motion, Defendant also filed a Petition for Writ of Mandamus with the Delaware Supreme Court which was denied in April of 2020.[22] This Court denied Defendant's Rule 61 Motion in April 2021.[23] Defendant appealed and argued the Court erred by accepting his guilty

---

[11] Defendant files incessantly and unsuccessfully. The recitation of the procedural history is a selection only of the relevant court filings to contextualize Defendant's latest submissions and does not include all filings to date.
[12] D.I. 44.
[13] D.I. 109 (Corrected Order).
[14] D.I. 111.
[15] D.I. 116.
[16] D.I. 70.
[17] D.I. 72.
[18] D.I. 75.
[19] D.I. 78.
[20] D.I. 81.
[21] D.I. 94.
[22] *See Matter of Johnson*, 228 A.3d 139, 2020 WL 1881069 (Del. 2020) (TABLE).
[23] *State v. Johnson,* 2021 WL 1407362, at *3 (Del. Super Ct. April 13, 2021).

plea when he was under the influence of medication for mental health issues and that his trial counsel was ineffective for not requesting a competency hearing.[24]  The Supreme Court found Defendant "was bound by his representation during the plea colloquy" in the absence of clear and convincing evidence to the contrary."[25]  The Supreme Court further noted that Defendant had "not express[ed] any confusion or lack of understanding during his guilty plea colloquy" and had represented during the colloquy that "he was taking medication, but that it was not hindering his thoughts."[26]

5.      In July of 2021, Defendant filed an "Affidavit of Fact: Notice of Fault and Opportunity to Cure/Writ of Revocation of Plea Contract & Affidavit of Facts" and demanded "to have a scheduled special appearance and/or phone/video conference" with the Court and a payment of $10 million.[27]  Denied.[28]

6.      In February 2022, Defendant filed another Rule 61 Motion[29] and a Motion for Appointment of Counsel.[30]  Again, Defendant claimed his plea was coerced and his counsel ineffective.  The claims were barred under Superior Court

---

[24] *Johnson,* 2021 WL 4699252, at *1.
[25] *Id.* at *2.
[26] *Id.*
[27] D.I. 119.
[28] D.I. 121.
[29] D.I. 131.
[30] D.I. 132.

4

Criminal Rules 61(i)(2) and 61(i)(4),[31] and this Court summarily dismissed them.[32] The Delaware Supreme Court affirmed on August 25, 2022.[33]

7.    Within three months in 2022, Defendant filed over twenty requests, to have this Court vacate his sentence, set aside his plea agreement, hold a suppression hearing, grant default judgment against the State, and order the State to pay him $1,830,000.00.[34]

8.    In November of 2022, this Court again determined Defendant's motions were procedurally barred and did not satisfy any pleadings requirements of Superior Court Criminal Rules.[35]   In that November 2022 ruling, this Court

---

[31] *See* Del. Super. Ct. Crim. R. 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.").

[32] D.I. 134.

[33] *Johnson v. State,* 2022 WL 3695880 (Del. August 25, 2022).

[34] On August 31, 2022, Defendant filed a Motion to File out of Time: (1) Motion for Reargument of Suppress Denial, (2) Direct Appeal of Suppress Denial, (3) Motion of Withdrawal of Plea, (4) Motion for Reargument of Conviction and Sentence, and (5) Direct Appeal of Conviction and Sentence. D.I. 141.  On September 8, 2022, Defendant filed a Motion for Correction of Illegal Sentence. D.I. 153.  On September 20, 2022, Defendant filed (1) Supplemental Demand Relief to Motions to File Out of Time, (2) Supplemental Demand Relief to Motion for Correction of Illegal sentence, (3) Motion for Withdrawal Plea, (4) Motion to File Out of Time to File a Motion to Suppress, and (5) Motion to Suppress.  D.I. 143.  On September 29, 2022, Defendant filed "summonses" to his attorneys, a Deputy Attorney General, and the State for two separate cases. D.I. 155–59.

On October 4, 2022, Defendant filed a Motion for Correction of Illegal Sentence, same as D.I. 153 that was filed on September 8, 2022.  D.I. 154.  On October 13, 2022, Defendant filed a Notice of Writ of Declaratory Judgment.  On October 27, 2022, Defendant filed a Notice of Fault and Opportunity to Cure Motion for Correction of Illegal Sentence, Withdrawal Plea, and a Motion to File Out of Time and Summons by November 1, 2022.  D.I. 161.  On November 7, 2022, Defendant filed a Default Judgment.  D.I. 162.  On November 10, 2022, Defendant filed Affidavit of the Amount Due $1,830,000.00.  D.I. 163.

[35] D.I. 164.

requested that the Supreme Court consider enjoining Defendant from future filings without leave of the Court.[36] In December of 2022, Defendant filed again, rehashing previously raised demands.[37]

9. On January 5, 2023, the Supreme Court warned Defendant against non-meritorious future filings after it dismissed his petition for the issuance of a writ of mandamus and granted the State's Motion to Dismiss.[38] And the Supreme Court further affirmed this Court's November 2022 Order on March 28, 2023.[39]

10. On July 10, 2023, this Court summarily dismissed Defendant's third motion for postconviction relief and other motions.[40] On July 24, 2023, Defendant filed a motion seeking reargument.[41] On August 9, 2023, this Court denied Defendant's motion for reargument as untimely.[42]

---

[36] *Id.*

[37] D.I. 171, at 4. Defendant seeks an in-person or video "meeting of the minds," and to have this Court again vacate his sentence, withdraw his plea, release him on bond, hold a suppression hearing, and provide stand-by counsel. *Id.*

[38] *In the Matter of the Petition of Jonathan Johnson for a Writ of Mandamus*, 2023 WL 116481 (Del. Jan. 5, 2023) ("In the last three years, Johnson has filed three appeals and two writ petitions relating to his convictions in this Court. We warn Johnson that if he continues to file appeals or writs making repetitive claims, he could be enjoined from filing future appeals or writs without leave of the Court.").

[39] *Johnson v. State,* 2023 WL 2671805 (Del. March 28, 2023).

[40] D.I. 179.

[41] D.I. 180.

[42] D.I. 181.

## Current Motions Before the Court

11.     The next day, on August 10, Defendant filed a "Motion to Amend Reargument."[43] On September 6, 2023, Defendant filed a "Motion to Set Aside/Vacate Final Judgment Orders Filed."[44] On September 11, 2023, Defendant filed a Letter "Addendum to Ex. A" seeking the same relief, without any attachment or Ex.A.[45] The Court addresses them in order.

12.     The first motion, a "Motion to Amend Reargument,"[46] seeks that the denial of his postconviction orders of September 2019 and April 2021 be set aside due to "excusable neglect" under Superior Court Civil Rule 60(b) because "the Court over-looked Movant's meritorious defense within [a prior] 'Ground Eight' of postconviction motion."[47] He further asserts that the second postconviction Order should be set aside "due to excusable neglect…and party's failure to submit all fact and newly discovered evidence because. . .[it] failed to provide movant with notice . . . of prior order. . . ."[48] He contends he only became aware of the first postconviction order dated September 19, 2019 "by verbal call to prothonotary May 2023."[49]

---

[43] D.I. 182.
[44] D.I. 183.
[45] D.I. 184.
[46] D.I. 182.
[47] *Id.*
[48] *Id.* at 2.
[49] *Id.*

13.     Defendant's second motion filed on September 6, 2023, is another "Motion to Set Aside/Vacate" this Court's July 10, 2023 Order, which denied Defendant's Motion for Reargument as untimely.  In this request, Defendant argues that the Court should vacate the ruling because DOC did not timely provide him the Order due to a misspelling of his last name such that Defendant did not receive the order until July 21, well after the time period had run for filing his motion.[50]  This second motion is currently pending appeal with the Supreme Court and, therefore, this Court does not address it.[51]

14.     Defendant filed a third request on September 11, 2023.  This time, a Letter "Addendum to Ex. A" seeking the same relief.[52]  Nothing was attached to the filing, and it is unclear what is meant by Ex. A.  As such, this Court does not address it.

15.     Because the State conceded that Defendant had demonstrated his failure to file a timely appeal as to the July 2023 Order was attributable to court-related personnel, the Court asked the State to respond to Defendant's three filings by December 5, 2023.[53]  The State did not respond by the requested date.

---

[50] D.I. 183.
[51] *Johnson v. State,* No., 296, 2023. (On August 21, 2023, the Delaware Supreme Court issued its Order that "the State conceded Defendant had demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel and that this Court should therefore consider the appeal."). *Id* at 2.
[52] D.I. 184.
[53] D.I. 188.

16.  On December 19, 2023, Defendant took issue with the State's failure to meet the deadline as a basis to claim actual innocence.  He filed an "Affidavit of Fact, Petition for Default Judgments, Petition to Set Aside/Vacate Plea Agreement, Petition for Release on Prior Paid Bond."[54] Defendant asserts the State's missed deadline requires the second postconviction Order to "be set aside…[which] creates a strong inference that the Movant is actually innocent…because service from this Court Order dated September 19 2019 (D.I. 72) failed to provide movant with notice of Order."[55]

17.  In the December 19th filing, his requested relief was for the entry of default judgment, another "in person meeting of the minds,"[56] and he "demand[ed] a clear response within 5 days. . . and to be released as soon as possible. . . .[The Court's] [f]ailure to comply with said will result in possible damages owed to [him]. Reply within (5) days or by Dec. 22, 2023."[57]  This Court did not respond.

18.  After the Court granted a request for an extension, the State filed its Response to Amend Reargument and to Set Aside/Vacate Final Judgment Orders on January 3, 2024.[58]

19.  Defendant also filed a request for counsel on the basis of "newly

---

[54] D.I. 191.
[55] *Id.* at 1.
[56] *Id.* at 3.
[57] *Id.*
[58] D.I. 194.

discovered evidence," namely the State's failure to timely respond.[59] And then he filed another motion "To Set Aside Judgment Order Dated February 17, 2017"[60] seeking to vacate the late Judge Parkins' suppression ruling on the basis that the State failed to provide an arrest approval sheet and report submitted by the actual seizing officer.[61] Defendant suggests that had J. Parkins known that the seizing officer was not available during the suppression hearing, the outcome would have been different.[62]

20. On January 16, 2024, Defendant filed a Motion to Strike the State's Response, and again reiterated that the failure of the State to timely file its response "has provided the Defendant with newly discovered evidence. . . ."[63]

**Defendant's Request Under Rule 60(b) Improper**

21. Defendant files this Motion for Relief from his Judgment ("Motion") under Delaware Superior Court Civil Rule 60(b). His filings simply request to "set aside/vacate" without citing a rule and at other times, he requests specific relief[64] under Rule 60(b)(1)(2) and (3).[65] Defendant further cites to Superior Court Criminal

---

[59] D.I. 192.
[60] D.I. 193.
[61] *Id.* at 2.
[62] *Id.*
[63] D.I. 195.
[64] *See,* D.I. 193 ("Pursuant to Del. Super Ct. Crim. R. 57(d) Petition Pursuant Del. Super. Ct. Civ. R. 60(b)(1)(2) and (3) To Set Aside Judgment Order Dated Feb. 17, 2017 DK #29").
[65] DEL. SUPER. CIV. R. 60(b). ("On motion and upon such terms as are just, the Court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

Rule 57(d) as the mechanism to file under the civil rule.[66] Defendant's request is improper.

22. Superior Court Criminal Rule 61 is the exclusive remedy for inmates seeking to set aside a judgment of conviction on any ground that is a sufficient factual and legal basis for a collateral attack on a criminal conviction.[67] To the extent that he does not seek to overturn his conviction by way of Rule 60(b) motion but rather rescind prior Rule 61 rulings to give him a clean slate from which to refile a Rule 61 motion, Rule 60(b) cannot be used in this fashion.[68]

23. In the flurry of filings, Defendant improperly pleads "actual innocence"[69] to vacate his postconviction Orders under Rule 60(b). For completeness, the Court considers his request under Rule 61.

24. Under Rule 61, a motion for postconviction may be barred for time limitations, successive motions, procedural default or former adjudication.[70] A

---

diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud [] misrepresentation or other misconduct of an adverse party. . . .").

[66] DEL. SUPER. CRIM. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule. . . .").

[67] DEL. SUPER. CRIM. R. 61(a)(1) and (2).

[68] *See State v. Hobbs*, 2019 WL 1902607, at *1 (Del. Super. Ct. Apr. 23, 2019) (ORDER) ("Since the Superior Court Criminal Rules do provide for a procedure for addressing the Defendant's claims for relief from his judgment of conviction, Superior Court Civil Rule 60 is not made applicable by Criminal Rule 57(d). Hence, Civil Rule 60 cannot serve as a vehicle for obtaining relief in the Defendant's criminal case."), *aff'd sub nom. Fatir v. State*, 2019 WL 5295397 (Del. Oct. 17, 2019) (TABLE) ("Superior Court Civil Rule 60(b) cannot be used to reopen judgments in criminal cases." (quoting *Landry v. State*, 2015 WL 4464772, at *1 (Del. July 20, 2015))).

[69] *See* D.I. 191.

[70] DEL. SUPER. CRIM. R. 61(i).

motion exceeds time limitations if it is filed more than a year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgement of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the Supreme Court of the United States.[71] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction. . . invalid."[72] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant shows "cause for relief" and "prejudice" from the violation.[73] Grounds for relief formally adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[74]

25. These bars are inapplicable either to a claim that the court lacked

---

[71] DEL. SUPER. CRIM. R. 61(i)(1).
[72] DEL. SUPER. CRIM. R. 61(i)(2); DEL. SUPER. CRIM. R. 61(d)(2).
[73] DEL. SUPER. CRIM. R. 61(i)(3).
[74] DEL. SUPER. CRIM. R. 61(i)(4).

jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[75] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[76]

26. First, Defendant failed to properly plead under Rule 61(b)(1).[77] Even if he had, his motion is untimely as it is filed more than a year after his judgment of conviction became final[78] and is again repetitive.[79] Further, his motions also do not satisfy the pleading requirements of Rules 61(d)(2)(i) or (d)(2)(ii). His reasons for pleading "actual innocence" are nonsensical where the basis is solely the State's delay in responding to this Court.

27. Defendant's post-conviction challenges have been formally adjudicated and procedurally barred, respectively. All arguments for relief under Rule 61 have been properly considered, rejected, reconsidered, denied, and summarily dismissed as untimely or without merit under the exclusive provisions of Rule 61.[80] Albeit creative, Defendant's Motions to Vacate under Rule 60(b) are procedurally improper and **DENIED**. Any request under Rule 61 is **SUMMARILY DISMISSED.**

---

[75] DEL. SUPER. CRIM. R. 61(i)(5).
[76] DEL. SUPER. CRIM. R. 61(d)(2)(i) and (ii).
[77] DEL. SUPER. CRIM. R. 61(b)(1) ("Form of motion. - An application under this rule shall be made by a motion for postconviction relief.").
[78] DEL. SUPER. CRIM. R. 61(i)(1).
[79] DEL. SUPER. CRIM. R. 61(i)(2).
[80] As previously noted, the Court does not address the July 10, 2023, Order, which is currently pending appeal before the Delaware Supreme Court.

**Defendant's Remaining Motions Are Without Merit**

28.    On November 21, 2023, Defendant filed a Certification of Question of Law asking this Court to certify the question of whether "a trial attorney [has] a duty to inform and memorialize his advice to client on client's right to plea and withdraw plea pursuant to Delaware Superior Court Criminal Rule 32(d)?"[81]  He argues that the important and urgent reason for this certification is that when he entered his plea he was not given "memorialized advice from attorney on right to withdraw."[82]

29.    Delaware Supreme Court Rule 41 governs the Certification of Questions of Law.[83]  Under 41(a)(i), this Court may certify "a question or questions of law arising in any case before it prior to the entry of final judgment if there is an important and urgent reason for an immediate determination of such question or questions by this Court and the certifying court has not decided the question or questions in the case."[84]  Neither applies here.  This Court entered final judgment when Defendant was sentenced.  Defendant's request is improper.

30.    On November 21, 2023, Defendant also filed a "Motion to Compel" and seeks a copy of an email allegedly sent in February of 2017 related to a suppression issue,[85] to confirm that J. Parkins decided "there would be no need for

---

[81] D.I. 189.
[82] *Id.*
[83] DEL. SUPR. CRIM. R. 41.
[84] DEL. SUPR. CRIM. R. 41(a)(i).
[85] D.I. 190.

an evidentiary hearing."[86] To what end? Defendant does not state. Regardless, for the reasons previously stated, Defendant's request is irrelevant, improper, and without basis.

31. Finally, Defendant's Motion to Strike, for this Court to enter a default judgment against the State, and to appoint him counsel are also without merit. For the reasons stated, the State's delay in responding to this Court's request does not equate to a finding of actual innocence or warrant the appointment of counsel.

32. On March 20, 2024, the Supreme Court reiterated prior warnings to Defendant that future filings may be rejected after dismissing yet another appeal.[87] Those warnings fall on deaf ears as the excessive and frivolous filings continue to unduly burden the Court. This Court will limit its time and attention if forced to address another meritless filing. Defendant's Motions to Vacate are **DENIED**. Defendant's Motions for Counsel, to Compel, for Default Judgment, to Strike and Certification of Law, are **DENIED**. Anything filed that falls within the purview of Rule 61 is **SUMMARILY DISMISSED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
    Allison Abessinio, Esquire
    Investigative Services Office

---

[86] *Id.*

[87] *Johnson v. State,* 2024 WL 1209526 (Del. March 20, 2024).